# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**Larissa Salyers**                                                          **Plaintiff**

**v.**                                                        **No. 3:20-cv-124-BJB-LLK**

**Anthem Blue Cross Blue Shield**                                            **Defendant**

\* \* \* \* \*

### OPINION AND ORDER

Larissa Salyers worked as a behavioral health case manager at Anthem from 2016 to 2019. Complaint (DN 1-1) at ¶¶ 4, 7. Salyers alleges that Anthem inadequately trained her and ignored her repeated requests for additional training. ¶¶ 8–10. In December 2018, Anthem placed Salyers on a performance improvement plan (PIP) after a report indicated that she and others maintained non-verified forms in their case files. ¶¶ 16, 18. Salyers alleges that Anthem disciplined only her, not the other employees whose files were also considered noncompliant. ¶¶ 16–18. And the PIP, argues Salyers, was a "pretextual sham" that her supervisor allegedly didn't even follow. ¶ 33. Anthem wasn't actually interested in improving her performance, she contends; it merely wanted to create a "paper trail" to justify firing her. ¶ 34.

Anthem fired Salyers the month after placing her on the PIP. ¶¶ 18, 38. Although Anthem claimed to have fired Salyers because it eliminated her position, ¶ 39, Salyers alleges that Anthem was accepting applications for Salyers' job when this lawsuit was filed. ¶ 43. But Salyers herself couldn't apply—for this or any other Anthem position—because her unresolved PIP effectively barred her from working at Anthem in any capacity. ¶ 39.

In January 2020, Salyers sued Anthem for age discrimination, retaliation, and unpaid wages. ¶¶ 53, 56, 59. Anthem timely removed the case under 28 U.S.C. § 1446. Notice of Removal (DN 1) at 2. The Court has jurisdiction under 28 U.S.C. § 1332. *Id.* at 2–3.

Anthem filed a partial motion to dismiss (DN 5), limited to Salyers' state-law retaliation claim. Because Salyers failed to allege facts that would support two required elements of her retaliation claim, the Court grants Anthem's motion and dismisses Salyers' retaliation claim. Anthem has not yet filed a responsive pleading with respect to her discrimination and wage claims, *see* Motion at 2 n.1, which will proceed.

### DISCUSSION

To survive a motion to dismiss, each claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 566). In other words, the claim must contain "either direct or inferential allegations respecting all

material elements necessary for recovery under a viable legal theory." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2010) (internal quotation marks omitted).  Courts must accept these factual allegations as true but needn't accept a plaintiff's legal conclusions. *Iqbal,* 556 U.S. at 678.

A four-part test governs Salyers' retaliation claim under Kentucky law.  Courts must ask whether:

1)  the plaintiff engaged in a protected activity,
2)  the exercise of [her] civil rights was known by the defendant,
3)  the defendant took an employment action adverse to the plaintiff *after* the employee engaged in protected activity, and
4)  there was a causal connection between the protected activity and the adverse employment action.

*See Brooks v. Lexington-Fayette Urban Cmty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004).

In support of her retaliation claim, Salyers alleges that she was terminated in response to her protests "about her treatment" and "the lack of direction and or lack of identified training." Complaint at ¶ 57.  Anthem argues that these allegations fail to meet two of the elements of a retaliation claim: (1) that she was engaged in a protected activity and (2) that a causal connection existed between that protected activity and her termination.  Motion at 4–5.

**1. Protected Activity.**  Plaintiffs engage in "protected activity under the KCRA," or Kentucky Civil Rights Act, when they "contest an unlawful employment practice." *Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 495 (6th Cir. 2017).

Salyers alleges that she complained about her general treatment and lack of direction and training overall.  Complaint at ¶ 57.  But she never alleges that she contested or confronted Anthem about an *unlawful* employment practice.  *Cf. Krueger*, 674 F. App'x at 495 (affirming dismissal of retaliation claim because the "abusive remarks" and harassment that plaintiff complained about are not illegal under the KCRA).  Complaining about poor training and treatment on the job, however regrettable, does not automatically protect an employee from adverse employment action if the employee has not complained about conduct that violates a legal prohibition, such as state laws against disability discrimination.  *Id.*  Without allegations that Salyers engaged in protected activity by complaining about unlawful activity, the Court may not reasonably infer, consistent with federal pleading rules, that Salyers has pled a cognizable claim against Anthem for retaliation. *Iqbal*, 556 U.S. at 678.

**2. Causal Connection.**  Plaintiffs may allege facts that tend to show either a direct or a circumstantial causal connection between the protected activity and the adverse employment action.  *See Brooks*, 132 S.W.3d at 804.  A circumstantial case generally "requires proof that 1) the decision maker responsible for making the adverse decision was aware of the protected activity at the time that the adverse decision was made and 2) there is a close temporal relationship between the protected activity." *Id.*  For example, in *Myers v. Red Classic Transit, LLC*, No. 5:19-cv-311, 2019 WL 6119213, at *6 (E.D. Ky. Nov. 18, 2019), the plaintiff properly alleged that being fired

was causally connected to her complaints about sexual harassment when she claimed that her supervisor said he was "not happy" about how the "HR situation" worked out. Similarly, in *Percell v. Kentucky Dep't. of Mil. Affairs*, No. 3:16-cv-721, 2017 WL 6347973, at *4 (W.D. Ky. Dec. 12, 2017), the plaintiff sufficiently pled the causation element when she cited the short time span between her complaint and termination.

But Salyers points to no factual allegations that directly *or* circumstantially support her assertion that Anthem terminated her because she engaged in a protected activity. Indeed, she never identifies who she complained to or whether the person who decided to fire her knew about any protected activity. *See Harris v. Burger King Corp.*, 993 F. Supp. 2d 677, 689 (W.D. Ky. 2014) (dismissing retaliation claim because the plaintiff could not show that the manager knew of the plaintiff's protected activity); *Green v. Platinum Rests. Mid-Am. LLC*, No. 3:14-cv-439, 2015 WL 13548457, at *3 (W.D. Ky. Feb. 24, 2015) (dismissing a retaliation claim that left open too many questions, such as what the plaintiff said, to whom, and when). Salyers merely offers the conclusory assertion that she was terminated "as a result" of her "complain[ts] about her treatment" and "about the lack of direction and or lack of identified training." Complaint at ¶ 57 (emphasis added).

Her only apparent support for this conclusion is the mere fact that the termination followed the complaints: *Post hoc, ergo propter hoc.* To be sure, "[w]here an adverse employment action occurs very close in time after an employer learns of a protected activity," that assertion may be sufficient to state a claim. *See, e.g.*, *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 505 (6th Cir. 2014) (employee fired the next day after her employer learned about protected activity); *see also Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ("in rare cases, temporal proximity alone may suffice to show a causal connection") (employee fired the same day his employer learned about protected activity). But Salyers' allegations do not say how much time elapsed between her purported complaints and the firing. These pleadings therefore represent "naked assertion[s] devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted), which cannot save her retaliation claim. Based on this alone, the Court cannot reasonably infer that the termination was causally connected to any protected activity. *See Stinson v. Fed. Express Corp.*, No. 3:14-cv-659, 2015 WL 2131108, at *2–3 (W.D. Ky. May 6, 2015) (dismissing a retaliation claim because the plaintiff "merely recite[d] the elements of recovery" and didn't allege any facts showing causation).

\* \* \*

The entirety of Salyers' responsive legal argument is that:

> Ms. Salyers was a member of more than one protected class, she was subjected to discriminatory treatment, made complaints of pretextual adverse employment action in several forms, including but not limited t[o] being placed on a pretextual performance enhancement plan. Ms. Salyers made complaints that she was being targeted, treated differently than other non protected employees, that she was being treated in contradiction to Anthems own policies and procedures. After Ms. Salyers made complaints of the above listed

> nature, she was subjected to even more severe and pervasive adverse
> employment action leading up unto and including her termination.

Opposition (DN 10) at 8.

Here Salyers contends for the first time (and only in generic terms) that she complained that Anthem unlawfully discriminated against her. The Court cannot consider Salyers' new assertion that she complained that Anthem "treated [her] differently than other non protected employees" because this assertion first appeared in a response and has not appeared in a pleading. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("A court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings."). And even assuming she properly pled that she engaged in a protected activity, Salyers' claim would still fail because she fails to offer any allegations that Anthem fired her *because of* the complaint. *See* Part 2 above (discussing *Green*, 2015 WL 13548457, at *3). Rather than moving to amend her complaint with allegations that could satisfy the protection and causation elements discussed above, *see* Fed. R. Civ. P. 15(a)(2), Salyers simply asserted new and insufficient information in her brief. This cannot save her complaint from dismissal.

## CONCLUSION

Because Salyers' complaint does not contain "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory," *Phila. Indem.*, 732 F.3d at 649, the Court grants Anthem's partial motion to dismiss without prejudice.

Benjamin Beaton, District Judge

United States District Court

July 15, 2021