UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LARISSA SALYERS**                                                                                    **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 3:20-cv-124-BJB**

**ANTHEM BLUE CROSS BLUE SHIELD**                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

      When Plaintiff initiated this lawsuit in January 2020, and until March 10, 2022, she was represented by counsel. In July 2021, this Court granted Defendant's partial motion to dismiss. DN 16. Then Defendant answered and the parties began discovery. On March 9, 2022, however, Plaintiff's counsel filed a motion for leave to withdraw as counsel, stating that she had not had any communication with Plaintiff since on or around January 24, 2022. DN 26. Counsel explained that she made numerous attempts to reach Plaintiff by telephone and in writing, including a certified letter asking Plaintiff to contact her immediately, to no avail. *Id*.

      By Order entered March 10, 2022 (DN 27), the Court granted counsel's motion to withdraw and provided Plaintiff with 30 days to notify the Court in writing whether she intended to retain new counsel or to proceed *pro se*. Plaintiff did not do so, nor has she taken any other action in this case since then. In June, Defendant moved for involuntary dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

      Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Here Plaintiff has done both. Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a failure to pursue a case. *Id.* at 110. "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have inherent authority, furthermore, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The Court finds that Plaintiff's failure to comply with the Court's prior Order or to otherwise participate in this litigation shows a failure to pursue her case. The Court disagrees with Defendant that the dismissal should be with prejudice, however. The motion to dismiss (DN 28) did not address the four factors courts address in determining whether to dismiss under Rule 41. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Nor did the motion explain why a sanction less drastic than dismissal with prejudice would not suffice here. The Court will, by separate Order, dismiss this action without prejudice.

The Court therefore **GRANTS IN PART** and **DENIES IN PART** Defendant's motion (DN 28) and **DISMISSES** this lawsuit, without prejudice, under Rule 41(b) and the Court's inherent authority to manage its docket.

Date: October 24, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Counsel of record
      Plaintiff, *pro se*
B213.009

2